UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| CENTRAL CRUDE, INC. | : | DOCKET NO. 2:17-cv-0308 |
|---|---|---|
| VERSUS | : | JUDGE JAMES D. CAIN, JR. |
| LIBERTY MUTUAL INSURANCE CO., ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is a Motion for Summary Judgment [doc. 49] filed by defendant Great American Assurance Company ("Great American"). Plaintiff Central Crude, Incorporated ("Central Crude") opposes the motion and Great American has filed a reply. Docs. 53, 54. Accordingly, the matter is now ripe for review.

### I.
### BACKGROUND

This motion relates to a lawsuit filed by Central Crude in the Fourteenth Judicial District Court, Calcasieu Parish, Louisiana, on January 3, 2017. Doc. 1, att. 2, pp. 5–17. There Central Crude, a Louisiana corporation engaged in the acquisition and transport of crude oil, raised claims for declaratory relief and breach of contract against Liberty Mutual Insurance Company ("Liberty Mutual") as its commercial general liability ("CGL") insurer. *Id.* at pp. 5–6. The claims arise from Central Crude's attempts to obtain reimbursement for losses it incurred from an incident in January 2007, when crude oil was released from a pipeline running through Central Crude's land in Paradis, St. Charles Parish, Louisiana. The discharge, termed the "Paradis Incident" by Central Crude, resulted in damages to Central Crude's land and to adjacent property owned by others. *See id.* at

p. 7 ¶ 16. Central Crude notified the Louisiana Department of Environmental Quality ("LDEQ") of the incident, and eventually began remediation work under a plan approved by LDEQ in June 2009. Doc. 49, att. 4, pp. 5–7; doc. 49, att. 5, pp. 8–10.

In the meantime, Columbia Gas Transmission Company ("Columbia Gas") filed suit against Central Crude in the 29th Judicial District Court, St. Charles Parish, Louisiana. Doc. 49, att. 3, pp. 4–13. There Columbia Gas sought damages incurred to its pipeline on land adjacent to the spill site, as well as injunctive relief to compel Central Crude's remediation of the site. *Id.* Central Crude states that it reported the release and the Columbia Gas suit to Liberty Mutual, seeking coverage under its CGL policy. Doc. 1, att. 2, pp. 7–8, ¶¶ 17–21. Liberty Mutual allegedly agreed to cover Central Crude's "reasonable and necessary costs" relating to the Paradis Incident, but subsequently refused to defend or indemnify Central Crude in the Columbia Gas suit or to reimburse it for any costs incurred from the Paradis Incident. *Id.* at pp. 7–8, 10, ¶¶ 18, 22, 42.

Central Crude then filed the above-mentioned suit in state court, raising claims against Liberty Mutual based on the denial of coverage and naming a placeholder defendant for its excess insurer. *Id.* at pp. 5–17. Liberty Mutual removed the case to this court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Doc. 1. Central Crude then amended its complaint to name Great American as the excess insurer and to seek recovery under the terms of its policy with Great American. Doc. 32; *see* doc. 1, att. 2, p. 14 ¶ 72. Great American now moves for summary judgment, asserting that coverage for the Paradis Incident is barred under the excess policy's terms. Doc. 49; doc. 49, att. 1. Central Crude opposes the motion. Doc. 53. Alternatively, it requests additional time under Rule 56(d) to conduct discovery in support of its opposition. *Id.*

## II.
## LEGAL STANDARDS

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III.
## APPLICATION

Great American's motion turns on its assertion that coverage for the Paradis Incident is excluded under the terms of its policy with Central Crude. The Great American policy is an umbrella policy, providing coverage exceeding that offered under the CGL policy. Doc. 49, att. 8, pp. 5, 48. The policy contains several exclusions, including one for injury arising out of a discharge of pollutants ("Pollution Exclusion"). *Id.* at 48. The Pollution Exclusion purports to bar coverage arising out of:

> (1) The actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.
> (2) Any loss, cost or expense arising out of any:
>   (a) Request, demand or order that any "insured" or others test for, monitor, clean-up, remove, contain, treat, detoxify, neutralize, or in any way respond to, or assesses [*sic*] the effect of "pollutants"; or
>   (b) Claim or suit by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of "pollutants."

Doc. 49, att. 8, pp. 48–49.

It also contains certain endorsements, including a Contractual Liability Endorsement, a Premises Operations Liability Endorsement, and an Industries Limitation Endorsement (together, the "Following Form Endorsements"), which exclude coverage for certain injuries except to the extent that they are covered by the underlying insurance policy. *Id.* at 27–28, 32–33. The Premises Operations Liability Endorsement provides:

> This policy does not apply to any liability arising out of the Insured's Premises or Operations, unless such liability is covered by valid and collectible Underlying Insurance as listed in the Schedule of Underlying Policies, for the full limits shown therein, and then only for such hazards for which coverage is afforded under said Underlying Insurance.

*Id.* at 28. The Liberty Mutual CGL policy is listed in the Schedule of Underlying Policies. *Id.* at 9. That policy provides coverage for property damage and cleanup costs arising from a discharge, release, or escape of pollutants, at any premises owned or occupied by Central Crude or on which Central Crude is performing operations. Doc. 49, att. 6, p. 42.

Great American maintains that the plain language of the Pollution Exclusion bars coverage of the Paradis Incident. Central Crude argues that the exclusion must be read in light of the Following Form Endorsements, in particular the Premises Operations Liability Endorsement, and that a consistent reading of these provisions and the coverage provided under the CGL policy renders the Pollution Exclusion a nullity. Alternatively, it maintains that summary judgment should be denied because there is insufficient evidence on the parties' intent under these provisions.

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. *E.g., Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir. 1991). Louisiana law provides that an insurance policy is a contract and that its provisions are construed using the general rules of contract interpretation in the Louisiana Civil Code. *Hanover Ins. Co. v. Superior Labor Svcs., Inc.*, 179 F.Supp.3d 656, 675 (E.D. La. 2016). "When the words of an insurance contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent and the courts must enforce the contract as written." *Sims v. Mulhearn Funeral Home, Inc.*, 956 So.2d 583, 589 (La. 2007) (citing La. Civ. Code art. 2046). When the terms are ambiguous, however, that ambiguity must be construed against the insurer and in favor of coverage. *Id.* at 589–90. The contract must also be interpreted as a whole, with each provision reviewed in light of the others. *Calcasieu Parish Sch. Bd. v. Miller*, 92 So.3d 1200, 1202 (La. Ct. App. 3d Cir. 2012).

As Great American points out, oil spills have already been recognized as "pollution" under such exclusions, which are commonplace in Louisiana insurance contacts. *See Grefer v. Travelers Ins. Co.*, 919 So.2d 758, 768–71 (La. Ct. App. 5th Cir. 2005); *Lodwick, LLC v. Chevron U.S.A., Inc.*, 126 So.3d 544, 561 (La. Ct. App. 2d Cir. 2013); *Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 2019 WL 1938799, at *8–*9 (M.D. La. May 1, 2019). Central Crude does not dispute Great American's contention that the Paradis Incident likewise qualifies. Instead, it maintains that the exclusion's applicability is invalidated or at least rendered ambiguous by the Following Form Endorsements, because those endorsements reflect an intent to mirror the coverage offered under the CGL policy, and because coverage appears to be specifically authorized through the Premises Operations Liability Endorsement and the CGL policy.

The Fifth Circuit has rejected the argument that following form clauses might nullify explicit exclusions elsewhere within the policy. *See United Nat'l Ins. Co. v. Hydro Tank, Inc.*, 497 F.3d 445, 451–52 (5th Cir. 2007), *amended on denial of reh'g*, 525 F.3d 400 (5th Cir. 2008). The coverage offered under the Premises Operations Liability Endorsement and CGL policy, however, seem tailor-made for Central Crude's risks and alleged losses. Given Central Crude's line of business – the transport of oil – it could yield absurd results to interpret the endorsement in a way that gave it any independent effect while simultaneously barring any coverage for oil spills under the Pollution Exclusion. In other words, such a reading would require the court to find that Central Crude purchased an umbrella policy that provided no coverage for one of the major risks of its line of business. While this may ultimately be the case, Louisiana law still permits further interpretation in light of the potential absurdity. Great American's argument that the Pollution Exclusion must trump all other provisions of the policy cannot withstand these findings. Accordingly, it has not

carried its burden on this motion and the court need not consider Central Crude's request to defer judgment under Rule 56(d).

## IV.
### CONCLUSION

For the foregoing reasons, the Motion for Summary Judgment [doc. 49] will be **DENIED**.

**THUS DONE AND SIGNED** in Chambers this 16 day of July, 2019.

JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**