UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CENTRAL CRUDE, INC.** | : | **CIVIL ACTION NO. 17-cv-308** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **LIBERTY MUTUAL INSURANCE COMPANY, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

This suit concerns coverage provided by an insurance policy Central Crude purchased from Liberty Mutual. An oil spill occurred during the policy period on property owned by Central Crude. Doc. 1, att. 2, pp. 6-7. Central Crude alleges it is owed coverage under its policy with Liberty Mutual and should be reimbursed for costs incurred in responding to the spill and for cost of Central Crude's defense in a third-party lawsuit filed as a result of the spill. *Id.* at 11. The original suit was filed Calcasieu Parish, Louisiana, and removed to this court. Central Crude claims Liberty Mutual has, *inter alia*, breached its contract with Central Crude as well as its duty of good faith and fair dealing. *Id*

Through discovery Central Crude sought production of documents, including the claim file Liberty Mutual prepared related to the Paradis Incident. Doc. 62, att. 2, p. 3. In response Liberty Mutual furnished plaintiff with a redacted claim file and a Privilege Log. Doc. 62, att. 3. In the Privilege Log it asserts various documents are protected work-product or privileged communications with in-house counsel. *Id.* at 1-5. Plaintiff agrees three (3) of these documents[1], are covered by attorney client privilege, however it argues the remaining files are discoverable.

---

[1] Plaintiff agrees documents titled "LM 518," "LM 519," and "LM 528" are covered by attorney-client privilege.

Doc. 62, att. 1, p. 9. The parties conducted a Rule 37.1 conference were unable to resolve their differences. Doc. 62, att. 1, p. 2.

Central Crude seeks an order compelling Liberty Mutual to produce the unredacted claim file. Doc. 62. Liberty Mutual opposes the motion. Doc. 65. According to Liberty Mutual, all of the redacted materials fall into one of two categories: (1) communications to and from its in-house counsel, Janice Rowan, concerning analysis of the legal issues involving Central Crude and coverage; and (2) reserve information. Doc. 64, p. 3. It asserts the former is covered by attorney-client privilege, and the latter is protected the work product doctrine. *Id.* at 4. In a motion for leave to supplement its brief, Central Crude suggested the court issue an order compelling Liberty Mutual to produce the claim file for *in camera* inspection. Doc. 70, att. 4, p. 6. By way of email to chambers, Central Crude also sought expedited review of this request for leave.

On March 24, 2020, we conducted a telephone status conference which we discussed *inter alia* Central Crude's pending motion to compel [doc. 62]. Doc. 75. At the conference the court asked counsel for Liberty Mutual if it would object to an *in camera* inspection of the documents for which it claimed privilege and it indicated it would not. Counsel also asked the court for an opportunity to provide additional information pertaining to the claimed privilege and we invited counsel to do so. Subsequent to the conference a minute entry was prepared and a deadline was set for Liberty Mutual to produce the privilege log with brief explanations of Liberty Mutual's claim of privilege together with the unredacted document.

Subsequent to the call, chambers was contacted via email by counsel for plaintiff who objected to the court's allowing Liberty Mutual to engage in the *ex parte* contact contemplated by the review. Also by email the court responded that plaintiff should file an appeal of our ruling if it objected and, if it were to do so, then we would issue a brief ruling setting forth our position on

this matter for the benefit of the district court. Central Crude then filed a document docketed as a "RESPONSE in Opposition re 75 Status Conference by Central Crude Inc." which actually is an appeal to the district court of our conclusion on how we would conduct our *in camera* inspection. Accordingly, this ruling is prepared to allow to the district court the benefit of our thoughts.

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). The decision whether to conduct an *in camera* review is within the district court's discretion. *See United Investors Life Ins. Co. v. Nationwide Life Ins. Co.*, 233 F.R.D. 483, 486 (N.D. Miss. 2006) (citation omitted) ("Federal courts maintain broad discretion in discovery matters, and the election to conduct an *in camera* review is well within the bounds of that discretion.") As noted by the court in *Application of Eisenberg*, 654 F.2d 1107, 1112 (5th Cir. 1981),

> Privilege questions are determined on the basis of in camera, ex parte examinations of the evidence. If a petitioner were permitted to participate in the debate on discoverability, he could in essence win before he loses. He might ascertain the desired information, even if the court later denied formal disclosure. Clearly, the merits of discovery requests can be addressed on the basis of an in camera, ex parte examination of the information likely to be discovered without offending the due process clause.

In *Vioxx Products Liab. Litig. Steering Comm. v. Merck & Co., Inc.,* 06-30378, 2006 WL 1726675, at *3 (5th Cir. May 26, 2006), the Fifth Circuit suggested when "[p]laintiffs have the benefit of an *in camera* examination . . . [defendants] should have the opportunity to support its claim of privilege when it is necessary to do so." When considering how the district court should handle *ex parte* communications necessitated by the review the Fifth Circuit stated "all oral communications must be recorded by a court reporter at . . . [the] expense [of the party claiming privilege], with all transcripts and written submissions filed under seal, a necessary discipline to the process." *Id.*

Accordingly and unless otherwise instructed by the district court we will conduct an *in camera* review of the documents for which Liberty Mutual claims privilege. Any *ex parte* information provided by Liberty Mutual to allow us to understand its position will be filed under seal. Although we do not anticipate the need to have any conversations with any party to complete our task, we would have any such conversation recorded and that recordation would be likewise placed under seal.

THUS DONE this 31st day of March, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE